## DAVE FULSOM v. STATE.

No. A-5201.  Opinion Filed Feb. 13, 1926.
(243 Pac. 532.)

Kelly Brown, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. ' The plaintiff in error, hereinafter called defendant, was convicted in the county court of Muskogee county of having unlawful possession of intoxicating liquor, sentenced to pay a fine of $100 and to be confined in the county jail for a period of 30 days. The only assignment of error argued is that the evidence is insufficient to sustain the verdict. It is not often this court reverses a case on the insufficiency of the evidence, for the rule is well established that, where there is any evidence reasonably tending to support the judgment, its weight is for the jury, and this court will not disturb its verdict on account of insufficiency. We have examined the record before us, and have concluded that the evidence does not reasonably sustain the verdict and judgment.

Briefly stated, the evidence is that the daughter of the defendant owned a house in the town of Muskogee in which the defendant and family had resided. On the 26th of December, this house was searched and a considerable quantity of mash found which was in a state of fermentation, and there was some evidence that it was capable of being used as a beverage. The defendant was not at the premises when they were searched, and his evidence, in the main part undisputed, is that, on the 17th day of November preceding, he with his family moved from the place in question to another place about 2½ miles away, and that the house where the search was made had been rented to one Jones, who was in full charge, that on the day of the search defendant went to the house, suspected that some violation of the law was taking place and had his wife call the sheriff's office and inform them of the matter, and that it was in fact on his information that the search was made. The evidence tending to connect the defendant with the transaction was that of R. A. Payne, deputy sheriff, as follows:

250

"Q. Had you ever seen Dave Fulsom there at that place before this occasion? A. Yes; I have. Q. About how long before that had you seen him there? A. I had seen him driving out of there one morning about 9 or 10 o'clock. Q. You don't know how long it was before that? A. It seems something like a week but I don't know."

The evidence discloses a strong suspicion that the defendant may have had some connection with the possession of the mash and the preparation to manufacture whisky, but lacks proof of the possession of that conclusive character sufficient to sustain the verdict and judgment, which is essential in a criminal case.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.